**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIETTE FAIRLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-1639 |
| | § | |
| DON D. FORD, III and FORD BERGNER, L.L.P., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Juliette Fairley, the plaintiff in this state-law legal malpractice case sued F&B, LLC, a law firm that represented her in a guardianship proceeding involving her father. That proceeding took place in San Antonio, Texas. F&B moves to dismiss for lack of diversity jurisdiction and for failure to state a claim. (Docket Entry Nos. 6, 7). Ms. Fairley has responded. (Docket Entry Nos. 10, 11).

Based on the pleadings, the motions and responses, the record, and the applicable law, the court grants the motion to dismiss for lack of subject-matter jurisdiction, denies the motion to dismiss for failure to state a claim as moot, and denies the motion a nonparty has filed seeking leave to submit an amicus brief. (Docket Entry Nos. 6, 7, 8). This case is dismissed by separate order. The reasons are set out below.

I.      **Background**

Ms. Fairley's complaint is skeletal. She alleges that she is a "domiciled resident" of New York, that defendant Don D. Ford, III is a "domiciled resident" of Texas, and that Ford Bergner, LLP, ("F&B) is a Texas limited liability partnership. (Docket Entry No. 3 at ¶¶ 1–3). She provides

no allegation as to the citizenship of each of the members of F & B. Her malpractice claim alleges that on unspecified dates, she "entrusted property in the form of money and her files" to Mr. Ford and the F&B law firm, and that on unspecified dates and acts, they "have failed to account for the money and have refused to turn over all her files to Plaintiff's successor counsel." (*Id.* at ¶¶ 10–11). She asserts that the defendants violated § 134.002(2) of the Texas Civil Practices & Remedies Code, were negligent, and breached fiduciary duties in representing her in "matters pertaining to her father . . . who at the time was under a temporary guardianship" in state and federal courts in San Antonio, Texas, and committed theft. (*Id.* at ¶¶ 8, 19, 20). She seeks actual damages, punitive damages, and statutory attorney's fees under § 134.002(2).

F&B's motion to dismiss for lack of subject-matter jurisdiction argues that Ms. Fairley has failed to meet her burden to show that she was a New York citizen during the relevant period, or to show that the amount in controversy exceeds $75,000. If she fails to make either showing, this court lacks subject-matter jurisdiction and must dismiss this case.

## II. Analysis

### A. The Legal Standard under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden to establish federal jurisdiction is on the party invoking jurisdiction. *Id.* Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted).

"As a general rule, diversity of citizenship is determined at the commencement of a lawsuit. Subsequent events, such as a change in citizenship or the amount in controversy falling below [the amount in controversy requirement], will not divest the court of subject matter jurisdiction." *Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 236 (5th Cir. 1988) (citing *Carlton v. BAWW, Inc.*, 751 F.2d 781, 785 (5th Cir. 1985)); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (quotation omitted)).

"Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When examining a factual challenge to subject-matter jurisdiction that does not implicate the merits of plaintiff's cause of action under Rule 12(b)(1), the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261.

**B.    Citizenship**

Domicile is established by physical presence in a location coupled with an intent to remain there indefinitely. When that is challenged, as here, the burden is on the plaintiff to show the place of domicile and citizenship by a preponderance of the evidence. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003). Courts may consider the places where the litigant exercises

civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, or maintains a home for her family. *See, e.g.*, *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003); *Fabry v. Carrico*, No. 4:12-CV-3751, 2013 WL 5146779, at *4 (S.D. Tex. Sept. 11, 2013); *Brown v. Mut. of New York Life Ins. Co.*, 213 F. Supp. 2d 667, 670 (S.D. Miss. 2002). Residence is necessary but not sufficient to show domicile, which requires both residence in a state and the intent to remain in that state. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Once established, a person's state of domicile presumptively continues unless rebutted by sufficient evidence of change. *Acridge*, 334 F.3d at 448. To defeat the presumption of continuing domicile and establish a new one requires evidence showing by a preponderance that the individual resided in a new state and intended to remain in that state indefinitely. *Id.*

In the Rule 12(b)(1) motion, the defendants challenged Ms. Fairley's allegation that she is a "domiciled resident" of the State of New York and presented evidence showing that she may be a resident of Texas. On two separate occasions, one in November 2016 and the other in March 2017, Ms. Fairley identified her address as 2306 Fresno, San Antonio, Texas. Both occasions were related to F&B's representation of her in connection with the guardianship of her father, James Fairley.

On November 22, 2016, Ms. Fairley submitted a Fee Dispute Complaint and Consent Form to the Houston Bar Association Fee Dispute Committee, contending that F&B had improperly charged $20,000 in fees for the legal services. In that Complaint, Ms. Fairley stated that her home address was 2306 Fresno, San Antonio, Texas 78201. (Docket Entry No. 7, p. 4, and Ex. B).

On February 8, 2017, Ms. Fairley informed F&B that she was terminating its services that day. A dispute subsequently arose over the production of the case file to Ms. Fairley's new counsel. What matters here is that on March 23, 2017, Ms. Fairley contacted the State Bar of Texas Client-Attorney Assistance Program and stated, in writing, that F&B had refused to provide her a copy of her file. In response, the Program asked F&B, in writing, to respond and address the concerns Ms. Fairley had raised. The letter indicated that Ms. Fairley identified her own address as 2306 Fresno, San Antonio, Texas. (*Id.*, pp. 4–5 and Ex. D). The defendants stated that they transferred copies of her case file to her new attorney after he clarified that he was representing her, on March 22 and 23, 2017. (*Id.*, Ex. C).

At the same time, the defendants noted that there is some evidence that Ms. Fairley resided in New York at one time. Ms. Fairley signed a contract to retain F&B to represent her interests in the guardianship proceeding pending in San Antonio probate court. That contract, dated July 22, 2015, identified her address as 1 Union Square South, New York, New York 10003. (*Id.*, p. 3 and Ex. A). F&B mailed invoices to that address. After an unspecific period during which Ms. Fairley paid the invoices, payments ceased. The account was in arrears by $20,000 as of November 2016. That was when Ms. Fairley filed her complaint with the Houston Bar Association Fee Dispute Committee and gave a home address in San Antonio. And in March 2017, just two months before she filed this suit, Ms. Fairley sent a letter to a State Bar of Texas committee, again giving this San Antonio address as her home address.

Ms. Fairley submitted two documents to support her claim that she was a New York domiciliary after she filed suit. The first is a copy of a June 2017 bill and payment slip in the amount of $31.66 for electrical service from April 12, 2017 to May 11, 2017 to her and her father

at the New York address.   (Docket Entry No. 10-1).  The second is a statement showing that she

was charged for and paid a rental fee for the New York address in June 2016.  (*Id.*).  She filed this

lawsuit on May 31, 2017.

The documents Ms. Fairley filed provide some evidence that in June 2016 and in mid-April

to mid-May 2017, she or her father paid rent and electricity at an address in New York City.  The

documents also provide some evidence that she received mail from July 2015 to approximately

November 2016 in New York.   But in November 2016 and in March 2017, Ms. Fairley signed

documents relating to this case stating that she resided in San Antonio.

A statement in a July 2015 contract giving a New York address for Ms. Fairley, a single

rental payment receipt for this address for July 2016, and a single electricity statement in the name

of either Ms. Fairley or her father for this New York address for mid-April to mid-May 2017,

provide the only evidence of Ms. Fairley's connection to New York City.  There is no evidence that

she votes there, pays taxes there, owns real or personal property there, has a driver's license issued

in New York, maintains bank accounts there, belongs to clubs or churches there, has a place of

business or employment there, or maintains a home for her family there.  *See Acridge*, 334 F.3d at

448.  There is insufficient evidence that Ms. Fairley's place of residence was in New York City in

May 2017, when she filed this lawsuit, to constitute *prima facie* proof of her domicile in New York

on that date.  To the contrary, the evidence shows that in March 2017, two months before filing this

suit, Ms. Fairley stated that her home address was in San Antonio, and that in May 2017, a month

before filing this suit, she made an electric payment for the address in New York City.

Ms. Fairley has the burden of showing her residence in New York and her intent to remain

there, and to do so by a preponderance of the evidence.  *See Garcia*, 351 F.3d at 638–39.  She has

not met the burden of showing that she is a New York domiciliary. This court lacks federal diversity jurisdiction, and this case must be dismissed on that basis.

## C. Amount in Controversy

When, as here, the complaint alleges an indeterminate amount of damages, the Fifth Circuit requires the party invoking federal jurisdiction to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Essex Ins. Co. v. Accurate Assocs., LLC*, No. 4:12-CV-03015, 2013 WL 12141552, at *2 (S.D. Tex. Feb. 1, 2013). A party satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen,* 63 F.3d at 1335. The party invoking jurisdiction must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the party must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1411–12. If the "facially apparent" test is not met, it is appropriate for the court to consider summary-judgment-type evidence on the amount in controversy as of the time of filing. *Allen*, 63 F.3d at 1336.

It is not facially apparent from Ms. Fairley's complaint that her damages exceed $75,000.00. She does not allege a specific amount or allege facts from which the amount in controversy could be reasonably inferred, such as by claiming specific injuries, seeking insurance policy limits, or alleging gross negligence and seeking exemplary damages. The record is insufficient to show that

the jurisdictional amount is satisfied. The legal fees in dispute are $20,000.00. There is no basis to infer any damages amount for the apparently relatively short delay in transferring the files to Ms. Fairley's new attorney once F&B's representation was terminated. Even taking into account the claims for punitive or statutory damages and the attorney's fees reasonably incurred in this suit, the record does not support a finding that the amount in controversy exceeds $75,000. This is an independent reason to find that diversity jurisdiction is not established.

Because the court dismisses on the basis of the lack of subject-matter jurisdiction, the motion to dismiss under Rule 12(b)(6) for failure to state a claim, (Docket Entry No. 6), and the motion for leave to file an amicus brief filed by Dr. Sam J. Sugar, (Docket Entry No. 8), are denied as moot.

## III. Conclusion

The motion to dismiss for lack of subject-matter jurisdiction is granted. (Docket Entry No. 7). The motion to dismiss for failure to state a claim, and the motion for leave to file an amicus brief, are denied as moot. (Docket Entry Nos. 6, 8). This action is dismissed for want of subject-matter jurisdiction.

SIGNED on August 16, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge